IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MARIO HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>WARDEN, DUEL VOCATIONAL INSTITUTION,<br><br>　　　　Respondent.<br>_____/ | 1:07-cv-01489-OWW-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES (Doc. 1); ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).

　　　　Previously, the Court conducted a preliminary screening of the petition and found that it contained claims that had not been exhausted through the state court remedies.  Accordingly, on January 23, 2008, the Court issued an order to show cause why the petition should not be dismissed for lack of exhaustion.  (Doc. 7).  On February 25, 2008, Petitioner filed his response.  (Doc. 8).  In that response, Petitioner essentially concedes that his petition is unexhausted, but asks the Court to hear the case "on its own motion."  (Id. at p. 3).  This the Court cannot do.

DISCUSSION

　　　　Petitioner contends that he accepted a plea agreement that resulted in a July 10, 2002 sentence of four years, eight months.  (Doc. 1, p. 2).  Petitioner contends he served that sentence but was then placed on three years of parole.  (Id. at p. 7).  Apparently, thereafter, Petitioner's parole was revoked and he is presently incarcerated.  (Id. at p. 8).  Petitioner contends that he never agreed to the additional three years of parole.  (Id.).

The preliminary screening of the petition indicated that Petitioner has never presented this claim to any California court, much less to the California Supreme Court.  Nor did Petitioner allege that he has filed any collateral relief in the state courts raising this issue.  In his response to the Court's order to show cause, Petitioner in essence admitted the claim was unexhausted, that he was not a lawyer and did not fully understand the need to exhaust, and asks the Court "on its own motion" to hear his case.  (Doc. 8).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971);  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434 (2000).   Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.  Rose, 455 U.S. at 521-522.

Here, it is patent that Petitioner has not exhausted his claim in the California Supreme Court regarding the purportedly illegal imposition of a three-year term of parole subsequent to his original

2002 sentence. Since this is the only claim in the instant petition, the entire petition is unexhausted. As mentioned, the Court cannot consider an entirely unexhausted petition. There is no authority that the Court is aware of that would permit it "on its own motion" to consider a completely unexhausted petition.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for lack of exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 7, 2008**                                         **/s/ Theresa A. Goldner**
                                                                  UNITED STATES MAGISTRATE JUDGE